Dear President Jenkins:
You have requested the opinion of this office on the application of La.R.S. 39:1484 and 1496.1 to two proposed energy conservation projects at the Shreveport Health Sciences Center (SHSC) campus which is part of the Louisiana State University System.
R.S. 39:1484A(14) defines a "Performance-based energy efficiency contract" as:
 "a contract for energy efficiency services and equipment in which the payment obligation for each year of the contract is either: (a) Set as a percentage of the annual energy cost savings attributable to the services or equipment under the contract, or (b) Guaranteed by the person under contract to be less than the annual energy cost savings attributable to the services or equipment under the contract."
R.S. 39:1496.1 provides:
 A. Any state agency, board, or commission may enter into a performance based energy efficiency contract for services and equipment. Any such agency, board, or commission shall contact the Division of Administration for assistance in preparation of the requests for proposals, analysis of the proposals, and development of the contract. The contract shall be considered a consulting services contract under the provisions of this Chapter.
 B. Performance-based energy efficiency contracts shall be awarded through a request for proposal process under the provisions of this Chapter.
 C. Notwithstanding the requirements of R.S. 39:1514(A), any performance-based energy efficiency contract entered into shall be for a period equal to the lesser of twenty years or the average life of the equipment installed by the performance contractor and shall contain a guarantee of energy savings. In addition, any performance-based energy efficiency contract shall contain the following clause:
 "The continuation of this contract is contingent upon the appropriation of funds by the legislature to fulfill the requirements of the contract. If the legislature fails to appropriate sufficient monies to provide for the continuation of the contract, the contract shall terminate on the last day of the fiscal year for which funds have been appropriated. Such termination shall be without penalty or expense to the agency, board, or commission except for payments which have been earned prior to the termination date."
 D. When calculating "annual energy cost savings attributable to the services or equipment" installed pursuant to a performance-based energy efficiency contract as defined in R.S. 39:1484(14), maintenance savings shall be included. "Maintenance savings" means operating expenses eliminated and future capital replacement expenditures avoided as a result of new equipment installed or services performed by the performance contractor.
SHSC seeks to undertake two different projects which may fall within the purview of this statute. The first project involves the disposal of regulated medical waste utilizing more efficient methods of identifying such waste, segregation of general waste from the regulated waste, and use of an on-site sterilization/compaction process to consolidate and reduce the volume of regulated waste to be disposed of off-site. You indicate that the energy conservation contract proposer will guarantee an annual reduction of 774,000 pounds of regulated medical waste from the waste stream which is now removed to an off-site location by the current waste management contractor for disposal by incineration. SHSC pays for incineration by the pound and therefore will have a substantial savings by greatly reducing the utilization of this energy intensive disposal method. Disposal of the diverted waste will be by means which are significantly cheaper and less consumptive of energy than incineration and this will result in the elimination of some of the operating expenses presently incurred for disposal services.
Given this result, it appears that this project would fall within the definition of "maintenance savings" provided in R.S. 39:1496.1D and therefore would qualify for a performance-based energy efficiency contract.
The second project involves a change in the way which laundry generated at SHSC is handled. New, energy efficient equipment would be installed, reducing both energy consumption and maintenance expense. The new equipment will also automate some laundry process tasks which are currently manual tasks, thereby eliminating or reducing labor and other operating expenses. This project will result in direct reductions in energy consumption as well as the elimination of operating expenses. As such, it also would qualify for a performance-based energy efficiency contract.
As you are aware, the statute sets forth several procedural requirements for projects which qualify as performance based energy efficiency projects. Among these requirements are these:
 1. You must "contact the Division of Administration for assistance in preparation of the requests for proposals, analysis of the proposals, a development of the contract." R.S. 39:1496.1A.
 2. Any contract awarded must be through a request for proposals process as set forth in Chapter 16 of Title 39 of the Revised Statutes. R.S. 39:1496.1B.
 3. The contract must contain a "funding out clause". R.S. 39:1496.1C.
 4. Compensation for contract performance must be by one of the two means described in R.S. 39:1484A(14).
I trust that this answers your inquiry. Please let me know if we may be of further assistance to the University in this matter.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
RPI/GRD/dam